**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-159-JMH

PAUL A. LEE,                                                    PLAINTIFF,

VS:            **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.,                              DEFENDANTS,

\* \* \* \* \*

PROCEDURAL SUMMARY

Plaintiff Paul A. Lee is currently incarcerated in the Federal Correctional Institution-Elkton ("FCI-Elkton) which is located in Lisbon, Ohio. On April 9, 2007, Lee filed a *pro se* civil rights action in the Commonwealth of Kentucky Fayette Circuit Court, Division Nine, said case being *Paul A. Lee v. Federal Bureau of Prisons, et al.,* Civil Action No. 07-CI-1347, Hon. Kimberly Bunnell, presiding ("the Fayette Circuit Court Action").[1]

The complaint alleged that the defendants violated Plaintiff's civil rights by not investigating Plaintiff's allegations of wrongdoing by an FMC-Lexington correctional officer. Specifically,

---

[1] The plaintiff named three defendants. They are: (1) the Federal Bureau of Prisons ("BOP"); (2) Joe Booker, the former warden of the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"); and (3) James Pence, whom the plaintiff identifies as a counselor at FMC-Lexington. Plaintiff sued Defendants Pence and Booker in their official capacities.

Plaintiff alleged the FMC-Lexington correctional officer had disclosed to one inmate that the plaintiff (Lee) wanted to have sex with another inmate. The plaintiff alleged that the improper disclosure was made in early April of 2004 [Record No. 1-2, p. 2].

Plaintiff alleged that the named defendants violated his rights under the Fourteenth Amendment of the United States Constitution and under 42 U.S.C. §§ 1983 and 1985.[2] [*Id.*, p. 4] He further alleged that the defendants' actions constituted "gross negligence willfull {sic} misconduct . . ." [*Id.*, p. 5] Plaintiff sought damages in excess of $450,000.00 [*Id.*].

On June 1, 2007, all three defendants, through counsel, removed the Fayette Circuit Court Action to this Court under the provisions of 28 U.S.C. § 1441 [see Record No. 1]. In the Removal Notice, the defendants noted that service had not yet been perfected as to any of them and their appearance was being made solely to remove and contest jurisdiction [*Id.*].

As the claims have been removed, they are now before this Court for screening in accordance with 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

---

[2] To the extent that the named defendants are a *federal* agency and two *federal* officials, the claims would fall under the Fifth Amendment of the United States Constitution, not the Fourteenth Amendment.

## STANDARD OF REVIEW

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

During the screening process, the allegations in a *pro se* complaint or petition must be taken as true and construed in favor of the plaintiff. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

Under 28 U.S.C. § 1915(e)(2), however, a district court has authority to dismiss a case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## JURISDICTIONAL ISSUES

Although Plaintiff Lee cited 42 U.S.C. §§ 1983 and 1985 as the bases of jurisdiction for his claims, the Court again notes that the named defendants consist of a federal agency and two individually named federal (not state) officials. Consequently, claims would fall under the ambit of 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second,

he must show that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

### ALLEGATIONS OF THE COMPLAINT
#### 1. Factual Assertions

The plaintiff was confined in FMC-Lexington in April, 2004. He claims that at that time, FMC-Lexington Correctional Officer Miller (no fist name given) disclosed to FMC-Lexington inmate Bobby Berry intimate details about his (plaintiff's)sexual preferences. In particular, Plaintiff claims that Correctional Officer Miller told Inmate Berry that he (plaintiff) wanted to have sexual relations with another FMC-Lexington inmate.[3]

Plaintiff asserts that on April 9, 2004, he complained about Miller's disclosures to Defendant James Pence, whom he identifies as his (plaintiff's) counselor at FMC-Lexington. According to the plaintiff, Pence responded that " . . . its best for things such as yours is to move on, nothing good would come of it." [*Id*.] Plaintiff claims that Defendant Pence's refusal to take any steps to have Miller punished was tantamount to failing to provide him (plaintiff) with a "safe environment" as required by 18 U.S.C. § 4042 [Record No. 1-2, p. 4, ¶ 20].[4]

---

[3] In Paragraph 6 of his state-court complaint, the plaintiff provides the name of the inmate whom he allegedly discussed [*see* Record No. 1-2, p. 2]. The print is not clear in this particular passage and the Court cannot ascertain the other inmate's name.

[4] 18 U.S.C. § 4042 provides in relevant part:

   The Bureau of Prisons, under the direction of the Attorney General, shall--

4

Plaintiff then explains in detail various steps which he took in 2005 in order to administratively exhaust his claims. He states that he began with filing a complaint with the Inspector General's Office ("IGO") [*Id.*, pp. 2-3]. To the plaintiff's surprise and dismay, the IGO merely forwarded the plaintiff's grievances back to FMC-Lexington [*Id.*, p. 2].

### 2. Administrative Exhaustion of Claims

After transfer to FCI-Elkton, the plaintiff pursued the BOP's administrative remedy process. *See* 28 C.F.R. § 542. 13-15.

### A. Denial of BP-9

On June 13, 2005, T. R. Sniezek, the Warden (presumably of FCI-Elkton), noted that the plaintiff was attempting to pursue a claim against his former counselor at FMC-Lexington. Sniezek informed the plaintiff that his "Request for Administrative Remedy" was neither denied nor granted [Record No. 1, p. 8]. Sniezek also informed the plaintiff that his complaint of staff misconduct had been investigated at FMC-Lexington and that the investigation had been "completed and closed out on June 10, 2004." [*Id.*]

### B. Denial of BP-10

---

....
    (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise.

5

Plaintiff appealed to the BOP Regional Director. On July 21, 2005, the Regional Director for FCI-Elkton's jurisdiction (name not discernible) told the plaintiff that he was not entitled to receive a formal response regarding the results of the investigation *[Id.,* p. 9]. He did advise the plaintiff that he was not prevented from pursuing further action, including a request for specific action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and/or the Privacy Act of 1974, 5 U.S.C. § 552a.

C.  Denial of BP-11

Harrell Watts, Administrator of the BOP's National Inmate Appeals, denied the plaintiff's final appeal on November 7, 2005. He reiterated that the plaintiff's claims had been investigated. Watts informed the plaintiff (as had the BOP Regional Director) that he was free to request additional information under the FOIA and the Privacy Act [Record No. 1, p. 16].[5]

DISCUSSION
1.  Official Capacity *Bivens* Claims

The plaintiff asserts *Bivens* constitutional claims against Defendants Pence and Booker in their official capacities. His claims suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v.*

---

[5] The plaintiff indicates in his complaint that his efforts to obtain additional documentation under the FOIA and Privacy Act were not successful [Record Nos. 1-2, p. 3, ¶15]. He claims that the BOP intentionally thwarted his efforts in this regard.

6

*Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] Bivens claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). Conversely, when a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Plaintiff has failed to state a claim upon which relief can be based against either former Warden Booker or Defendant James Pence in their *official* capacities. Consequently, these claims will be dismissed with prejudice.

### 2. Individual Capacity *Bivens* Claims

The plaintiff states that he sues Defendants Booker and Pence only in their official capacities. The Court will address any possible construed claim that the plaintiff may attempt to assert (now or in the future) against these defendants in their *individual* capacities.

In their separate responses, the Warden of FCI-Elkton, the BOP Regional Director, and National Inmate Appeals Administrator

7

Watts clearly disputed and denied the plaintiff's claim that Miller's alleged disclosure and/or Pence's alleged inaction violated his constitutional rights. Harrell Watts' November 7, 2005 response informed the plaintiff that the BOP was not going to reverse the Regional Director's decision [Record No. 1, p. 16].[6]

Kentucky's one-year statute of limitations, set forth in K.R.S. § 413.140(1)(a), applies to civil rights claims arising in Kentucky. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Thus, constitutional claims asserted under *Bivens* have a one-year statute of limitations under Kentucky law. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987).

The BOP rejected the plaintiff's constitutional claims on November 7, *2005*. Plaintiff did not file suit until almost a year-and-a-half later, on April 9, *2007*. The plaintiff's unsuccessful efforts to obtain information under the FOIA/Privacy Act did not relieve him of the obligation to file suit on a civil rights claim on or before November 7, 2006.

The plaintiff failed to file his *Bivens* action within the one-year time period. Accordingly, any asserted or construed

---

[6] Watts informed the plaintiff that he was free to seek additional information through the Freedom of Information Act, 5 U.S.C. § 552 and/or the Privacy Act of 1974, 5 U.S.C. § 552a.

individual capacity claims against Pence and former Warden Booker would be time-barred and dismissible.[7]

### 3. Claims for Damages Against the BOP

The doctrine of sovereign immunity precludes the plaintiff's attempt to recover damages from the BOP. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *Will v. Michigan Dept. of State Police*, 109 S. Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159,166 (1985). The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. at 166. The BOP is a federal agency. "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no

---

[7] A district court has authority to dismiss an action where it is clear that the underlying claims are time-barred. *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Brockett v. Parks*, 48 Fed. Appx. 539, *541, 2002 WL 31260347, **2 (C.A.6 (Ky.)2002).

9

authorization existed to name the Department of Justice because it cannot be sued under that name as a defendant; moreover, Plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief).

The claim for damages against the BOP fails to state a claim upon which relief can be granted. The claim will be dismissed.

### 4. FTCA Claim

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope .. . of employment." [28 U.S.C. §1346(b)] The FTCA directs federal courts to look to "the law of the place where the act or omission occurred," 28 U.S.C. §1346(b)(1).

However, an action for monetary damages for injury caused by the negligent or wrongful act of a federal employee while acting within his scope of employment shall not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

An FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2401(b);

*Blakely v. United States*, 276 F.3d 853, 865 (6th Cir.2002); *Graham v. United States*, 96 F.3d 446, 448 (9th Cir.1996). "The FTCA bars claimants from bringing suit in the federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106,113 (1980); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

The plaintiff alleges acts of gross negligence on the part of Defendant Pence or Booker, or others. There is no evidence here that the plaintiff has taken the necessary administrative step to file a claim under the FTCA. The construed FTCA claim will be dismissed without prejudice to his exhaustion of that claim.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The plaintiff's *Bivens* claims against the BOP are **DISMISSED WITH PREJUDICE.**

(2) The plaintiff's official capacity *Bivens* claims against Defendants Joe Booker and James Pence are **DISMISSED WITH PREJUDICE.**

(3) The plaintiff's construed individual capacity *Bivens* claims against Defendants Joe Booker and James Pence are **DISMISSED WITH PREJUDICE.**

(4) The plaintiff's claims under the FTCA are **DISMISSED WITHOUT PREJUDICE**.

This the 11th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge